UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

WILLIAM A. BLAGOGEE,

       Plaintiff,

vs.

SANTANDER CONSUMER USA, INC.,

       Defendant.

Civil Action No. 1:11cv680
(Removed from Fairfax Circuit Court
Civil Case No. 2011-7568)

## DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

COMES NOW, Santander Consumer USA, Inc. ("Santander"), by counsel, and in support of its Motion to Dismiss the Verified Complaint for Judgment ("Complaint") filed herein by the Plaintiff William A. Blagogee ("Blagogee"), states as follows.

## INTRODUCTION

Blagogee entered a Retail Installment Sale Contract (the Contract"), by which he purchased a used 2002 Acura RL (the "Acura"). He disputes his responsibility for certain additional interest charges of $1,022 imposed on late payments he made under the Contract. A copy of the Contract, on which Santander is a successor to the original lender, is attached to the Complaint as Exhibit 1.[1]  See Complaint, ¶¶ 2, 17. Santander has not released the Title to the Acura to Blagogee because the disputed interest remains unpaid. Blagogee contends that the Contract did not conform to the disclosure requirements under the Truth in Lending Act, 15 U.S.C. § 1601, et seq. ("TILA") because it failed to include the disputed $1,022 in interest on

---

[1] The Contract identifies the borrower as William Augustus Bladogee, which apparently was a typo, but Blagogee signed it. Although in paragraph 2 of the Complaint, Blagogee identifies HSBC as the original lender, but the Contract identifies the creditor as Passport Infiniti of Alexandria.

US_ACTIVE-106442236.2

late payments in the disclosed finance charges for the Contract.  Blagogee ignores that the

Contract expressly states that the total finance charges disclosed in it are based on the

assumption that the borrower will make timely payments and the Contract states that late

payments will result in additional interest charges.  Complaint, Exhibit 1, p. 2, ¶ 1(c).  Blagogee

further ignores that the Official Commentary of the Federal Board of Governors on the

applicable regulations specifically permits lenders to disclose interest on late charges in the

precise manner utilized in the Contract.  Because Blagogee did not make timely payments,

additional interest is due.

It is on this misguided basis that Blagogee seeks relief from Santander under TILA, the

Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the Virginia

Consumer Protection Act, 59.1-96 et seq. ("VCPA").  Blagogee has not stated a claim that can

survive a motion to dismiss under TILA fundamentally because the disclosures in the Contract

that he challenges conform to the interpretation of these requirements found in the Official

Commentary of the Federal Board of Governors.

However, the Complaint also fails to state a claim under TILA because Santander is not

the original creditor and no violation of TILA was "apparent on the face of the disclosure

statement."  Moreover, the Complaint fails so much as to cite the provision of TILA under which

civil liability is possible or the provision of TILA (as opposed to the regulation) that Blagogee

contends Santander has violated.

Blagogee's remaining claims under the FDCPA and VCPA likewise depend entirely on

his mistaken contention that the Contract disclosures concerning the disputed interest violated

TILA.  Consequently, these claims also both necessarily fail as a matter of law.  The VCPA

claim fails as a matter of law for the additional independently sufficient reason that Virginia

Code § 59.1-199 prohibits VCPA claims based on aspects of a consumer transaction that are regulated under TILA.  Va. Code § 59.1-199(C).

For all these reasons discussed more fully below, the Court should dismiss Blagogee's Complaint with prejudice.

## BACKGROUND

On December 15, 2005, Blagogee entered into the Contract to purchase the Acura under which he agreed to make 60 monthly payments of $352.69 beginning on January 29, 2006.  Per the Contract, the original creditor was Passport Infiniti of Alexandria, not Santander.  Complaint, Exhibit 1. The Contract discloses the annual percentage rate, the finance charge, the amount financed, the total of payments, and the total sales price. Id. p. 1.   Blagogee disputes Santander's position that late payments made under the Contract entitle Santander to $1,022 in interest and late charges beyond the $5,158.99 of finance charges disclosed in the Contract, however, Blagogee does not dispute anywhere in the Complaint that he, in fact, made late payments.  Complaint, ¶¶ 5-7.  Instead, Blagogee erroneously contends that the Contract did not properly disclose that more interest would be due, upon his failure to make timely payments.

The Contract states:

> **c. How late payments or early payments change what you must pay.** We based the Finance Charge, Total of Payments, and Total Sales Price shown on the front on the assumption that you will make every payment on the day it is due.  Your Finance Charge, Total of Payment, and Total Sale Price will be more if you pay late and less if you pay early.

Id. p. 2.[2]   This provision makes perfectly clear that additional interest will become due, if payments are not timely made.  It expressly states, "We based the Finance Charge … shown on

---

[2] Blagogee acknowledges that the Contract permits some additional finance charges in the form of late charges, but wrongly urges that only this and not additional interest is disclosed.  See
Continued on following page

the front on the assumption that you will make every payment on the day it is due." Id.

Disregarding the foregoing, Blagogee contends that the Contract did not fairly alert him "of the

possibility of additional interest charge." However, Blagogee knew it was Santander's position

that additional interest was due and Santander supplied him additional information on the

disputed interest when he requested it in October of 2010. Complaint ¶ 13.

Blagogee bases his FDCPA claim against Santander entirely on his contention that

Santander was not entitled to the disputed interest. In purely conclusory terms he maintains that

Santander thereby made "false and misleading representations as to the character, amount or

legal status of the debt in that [Santander] falsely claims that additional interest of $1,022.00 is

owed." Complaint, ¶ 18. Blagogee's remaining allegations in support of the FDCPA claim all

arise from related contentions that Santander violated the FDCPA by taking the position that the

debt is owed and that Blagogee has yet to pay remaining amounts due under the Contract. Id.

¶¶ 18-19.

Blagogee bases his VCPA claim on the same allegations that form the basis for the TILA

claim, again, dressed up with conclusory and unsupported allegations of false and deceptive

conduct.

---

Continued from previous page

Complaint, ¶ 5 and Exhibit 1, p. 1 (   "**Late Charge.** If a payment is not received in full within
__7__ days after it is due you will pay a late charge of __5__ % of the part of the payment that is
late.")

**STANDARD OF REVIEW**

When considering a Rule 12 (b)(6) motion, the court reviews the sufficiency of the

complaint.  A complaint must contain a "short and plain statement of the claim showing that the

pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and

the grounds upon which it rests."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)

(internal quotations marks omitted).  The Supreme Court of the United States has explained that:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need
> detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his
> "entitle[ment] to relief" requires more than labels and conclusions, and a
> formulaic recitation of the elements of a cause of action will not do, *see Papasan*
> *v. Allain*, 478 U.S. 265, 286 (1986) (on a motion to dismiss, courts "are not bound
> to accept as true a legal conclusion couched as a factual allegation").  Factual
> allegations must be enough to raise a right to relief above the speculative level,
> *see* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236
> (3d ed. 2004) ... ("[T]he pleading must contain something more ... than ... a
> statement of fact that merely creates a suspicion [of] a legally cognizable right of
> action"), on the assumption that all the allegations in the complaint are true (even
> if doubtful in fact)) ….

Bell Atlantic Corp. v. Twombly, 550 U.S. at 555 (internal citations and footnote omitted).

Twombly marked the "retirement" of the language from Conley v. Gibson that "a complaint

should not be dismissed for failure to state a claim unless it appears beyond doubt that the

plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Id.

at 580-581 (citing Conley, 355 U.S. 41, 45-46 (1957)).

The claims contained in a complaint must be supported by "any set of facts consistent

with the allegations in the complaint."  Kelley v. U.S., 580 F. Supp. 2d 490, 492 (E.D. Va. 2008)

(quoting Twombly, 550 U.S. at 563).  While the court must construe the factual allegations of the

Complaint in the light most favorable to the Plaintiff, the court need not accept the legal

conclusions, inferences, or arguments that are drawn from the facts.  Id.  Indeed, in order to

survive movant's Rule 12(b)(6) Motion, Plaintiff must allege specific facts to support each of his

claims.  Schlegel v. Bank of America, N.A., 2007 WL 1704208 (W.D. Va. 2007); Jordan v.

Alternative Res. Corp., 458 F.3d 332, 344-45 (4th Cir. 2006).  Allegations merely consisting of

"labels and conclusions, and a formulaic recitation of the elements of a cause of action will not

do."  Twombly, 550 U.S. at 555. The court may examine documents referenced in the complaint

in deciding a Rule 12(b)(6) motion.  Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308,

127 S. Ct. 2499, 2507 (2007).

## ARGUMENT

**A.     Blagogee Fails To State A Claim Under The TILA Upon Which Any Relief Can Be Granted.**

> 1.      The Complaint cites no TILA provision permitting a claim for civil liability.

Blagogee's Complaint identifies no provision of TILA upon which he relies as the basis

for his claim.  Instead, his only citation is to certain regulations in Regulation Z promulgated

under TILA.  Complaint, generally.  The failure to cite any provision of TILA upon which civil

liability can be imposed by itself warrants dismissal of Blagogee's TILA claim.

The only TILA provision carrying the possibility of civil liability is 15 U.S.C. § 1640,

which states, "Except as otherwise provided in this section, any creditor who fails to comply

with any requirement imposed under this part … with respect to any person is liable to such

person …"  15 U.S.C. § 1640 [emphasis added]. Thus, it is not enough to merely cite § 1640.

Instead, a TILA plaintiff must also cite to the particular "requirement under this part" with which

the defendant allegedly failed to comply.  The Complaint cites no such requirement and,

therefore, fails a matter of law.[3]

---

[3] Because Santander is not and cannot be alleged to be the original lender and at most has been alleged to be an assignee to the original lender, it can only be held liable if the purported TILA violation is "apparent on the face of the disclosure statement."  Here, no violation has been

Continued on following page

    2.      <u>The regulations cited by Blagogee and Board interpretation of the regulations establish that the disclosures given to Blagogee did not violate the regulations.</u>

The regulations put at issue by the claim of Blagogee that the Contract, which is a closed end credit arrangement, did not properly disclose that additional interest could become due as a consequence of late payments are those concerning disclosure requirements for closed-end credit arrangements.  <u>See</u> 12 C.F.R § 226.17 <u>et seq</u>.  The section that addresses the basis of disclosures and use of estimates is 12 C.F.R § 226.17(c)(2).  The Official Commentary for the Federal Reserve Board interpreting these regulations expressly permits disclosure of additional interest charges on late payments in manner done in the Contract.  The Official Commentary states:

> 3. *Simple-interest transactions.* <u>If consumers do not make timely payments in a simple-interest transaction, some of the amounts calculated for Truth in Lending disclosures will differ from amounts that consumers will actually pay over the term of the transaction.</u> Creditors may label disclosures as estimates in these transactions. For example, because the finance charge and total of payments may be larger than disclosed if consumers make late payments, creditors may label the finance charge and total of payments as estimates. On the other hand, <u>creditors may choose not to label disclosures as estimates and may base all disclosures on the assumption that payments will be made on time, disregarding any possible inaccuracies resulting from consumers' payment patterns.</u>

12 C.F.R. Pt. 226, Supp. I, Official Commentary, ¶ 17 (c)(2)(i) - 3 [emphasis added]; <u>Truth in Lending</u>, Nat'l Consumer Law Center (6th Ed.) (interpreting the Official Commentary cited above to "allow[] creditors to ignore the discrepancy between the anticipated and actual finance charge … by assuming for the purposes of disclosure that the consumer will make his or her payments on time").  By the foregoing the Federal Reserve Board establishes that "creditors" are

---

Continued from previous page
alleged, much less one that is apparent on the face of the Contract.  <u>See</u> <u>Cheche v. Wittstat Title & Escrow Co., LLC</u>**,** 723 F.Supp.2d 851 (E.D.Va. 2010) (<u>citing</u> 15 U.S.C. § 1641(a)).

not required to provide detailed disclosures of the effect of late payments on the total finance

charge.  Instead, it is sufficient for a "creditor" to base the disclosures on the assumption that the

borrower will make timely payments.  It is not even necessary for the "creditor" to advise that

this assumption is being used.

> Here, the Contract expressly made that assumption.  It states:

> **c. How late payments or early payments change what you must pay.** We based the Finance Charge, Total of Payments, and Total Sales Price shown on the front on the assumption that you will make every payment on the day it is due.  Your Finance Charge, Total of Payment, and Total Sale Price will be more if you pay late and less if you pay early.

Complaint, Exhibit 1, p. 2, § 1(c).  This provision states as clearly as is possible that Blagogee

must pay additional interest in the event of late payments.  The Contract expressly stated that the

original creditor based the disclosed "Finance Charge … shown on the front [of the Contract] on

the assumption that [Blagogee] will make every payment on the day it is due."  Id.

> Because the disclosures given in the Contract regarding the disputed interest comport

with the manner of disclosure permitted in the Official Commentary, the Motion to Dismiss

should be granted.  Clear authority for granting the Motion to Dismiss is found in 15 U.S.C. §

1640(f), which states in a pertinent part:

> (f)  Good faith compliance with rule, regulation, or interpretation of Board or with interpretation or approval of duly authorized official or employee of Federal Reserve System

> No provision of this section … imposing any liability shall apply to any act done or omitted in good faith in conformity with any rule, regulation, or interpretation thereof by the Board or in conformity with any interpretation or approval by an official or employee of the Federal Reserve System duly authorized by the Board to issue such interpretations or approvals under such procedures as the Board may prescribe therefor, notwithstanding that after such act or omission has occurred, such rule, regulation, interpretation, or approval is amended, rescinded, or determined by judicial or other authority to be invalid for any reason.

15 U.S.C. § 1640(f).  This provision flatly precludes any civil liability under TILA for any

defendant, where the defendant's conduct conformed to an interpretation of the Board of TILA

and the regulations promulgated under it.  This is precisely the circumstance of the present case.

As already discussed, the disclosure in § 1(c) of the Contract is completely compliant with the

applicable regulations as interpreted in the Official Commentary of the Federal Reserve Board.

See Complaint, Exhibit 1, p. 2, § 1(c); 12 C.F.R. Pt. 226, Supp. I, Official Commentary, ¶ 17

(c)(2)(i) – 3.  Nothing in the regulations that Blagogee cited in the Complaint avoids the

conclusion that Blagogee's TILA claim must be dismissed.

**B.** **Blagogee Fails To State A Claim Upon Which Any Relief Can Be Granted Under The FDCPA Or The VCPA**.

    1.    Blagogee's FDCPA and VCPA claims fail as a matter of law because both are based on the insufficient allegations offered in support of his TILA claim.

Blagogee's remaining claims depend entirely on the mistaken contention that Santander

violated TILA.  This is not so and, therefore, Blagogee's FDCPA and VCPA claims also fail as a

matter of law.  Blagogee's FDCPA claim alleges that Santander is a debt collector[4] and that

Santander sought to recover the disputed interest.  Blagogee contends that this violated the

FDCPA simply based on his erroneous position that the disputed interest was not properly

disclosed under TILA.  Complaint, ¶ 18.  As explained already in detail, the Contract disclosed

the obligation for additional interest in section 1(c), which conformed with the requirements

under the Official Commentary of the Federal Reserve Board.  See Complaint, Exhibit 1, p. 2; 12

C.F.R. Pt. 226, Supp. I, Official Commentary, ¶ 17 (c)(2)(i) - 3.  Accordingly, the FDCPA claim

fails as a matter of law on the very same grounds.

---

[4] While Santander does not here admit that it is a debt collector with respect to the subject debt, it is acknowledged that the Complaint alleges facts sufficient to survive a motion to dismiss as to this issue.  Complaint ¶ 17.

Likewise, Blagogee's VCPA claim depends on the very same allegations that Santander

violated the VCPA by "attempting to collect a debt."  Complaint, ¶ 20.  Again, the only basis

offered for the contention that the subject debt was not owed is the allegation that it was not

disclosed in accord with TILA.  Thus, the VCPA claim also fails as a matter of law because the

obligation for the disputed interest was disclosed in accord with TILA requirements.

2.      Blagogee's VCPA is preempted.

The VCPA contains two specific exclusions from liability under the Act that definitively

apply based on Blagogee's allegations in the Complaint.  Under Virginia Code § 59.1-199:

> Nothing in this chapter shall apply to:
>
> …
>
> C.  Those aspects of a consumer transaction which are regulated by
> the Federal Consumer Credit Protection Act, 15 U.S.C. § 1601 et
> seq.

Virginia Code § 199 (C) and (D).  Based on § 59.1-199(C), the Courts of the Eastern District of

Virginia have repeatedly held that a VCPA claim cannot proceed and is preempted, "if it is based

on the same nucleus of facts as [a] TILA count[]…" Graham v. RRR, LLC, 202 F. Supp. 2d 483

(E.D. Va. 2002);  Hodges v. Koons Buick Pontiac GMC, Inc., 180 F. Supp. 2d 786 (E.D. Va.

2001) ("[T]he VCPA exempts from coverage any aspect of a consumer transaction governed by

TILA").  As discussed above, Blagogee hinges his VCPA claim on the contention that the

Contract did not disclose the obligation for additional interest in the event of late payments and

on the contention that this violated TILA.  Because disclosure requirements of the type put at

issue in this case are regulated under 15 U.S.C. § 1601 et seq., the VCPA claim must be

dismissed.

3.      Blagogee's VCPA claim fails as a matter of law because no fraud is alleged.

To state a claim for relief under the VCPA a plaintiff must allege a misrepresentation.

Virginia Code § 59.1-200.  The Complaint fails to do so, as the Contract specifically disclosed

that more interest would become due, if Blagogee made late payments.  Thus, on this

independent basis, the Court should dismiss Blagogee's VCPA claim.

WHEREFORE Santander Consumer USA, Inc. requests that the Court grant its Motion to

Dismiss the Complaint, enter an Order dismissing all claims of the Plaintiff with prejudice and

award to Santander all such other relief as the Court deems appropriate.


SANTANDER CONSUMER USA, INC.

By Counsel

/s/ Travis A. Sabalewski
Travis A. Sabalewski (VSB No. 47368)
Reed Smith LLP
Riverfront Plaza - West Tower
901 East Byrd Street, Suite 1700
Richmond, VA 23219
Telephone:  (804) 344-3400
Facsimile:  (804) 344-3410
tsabalewski@reedsmith.com

Mark E. Shaffer (VSB No. 75407)
Reed Smith LLP
3110 Fairview Park Drive, Suite 1400
Falls Church, VA 22042
Telephone:  (703) 641-4253
Facsimile:  (703) 641-4340
mshaffer@reedsmith.com

Counsel for Defendant Santander Consumer USA, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of June, 2011, a true and correct copy of the foregoing was filed through CM/ECF, and served via first class mail, postage prepaid, on the following:

William A. Blagogee
7240 Lensfield Court
Alexandria, VA 22315
Pro Se Plaintiff

/s/ Travis A. Sabalewski
Travis A. Sabalewski (VSB No. 47368)
Reed Smith LLP
Riverfront Plaza - West Tower
901 East Byrd Street, Suite 1700
Richmond, VA 23219
Telephone: (804) 344-3400
Facsimile: (804) 344-3410
tsabalewski@reedsmith.com