VIRGINIA: IN THE EASTERN DISTRICT OF VIRGINIA   FILED



CIVIL DIVISION

2011 JUL 21 P 4: 54

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

William A. Blagogee
7240 Lensfield Court
Alexandria, Virginia 22315
        Plaintiff

v.

Docket No.: 1:11 CV 680 (AJT/TRJ)

Santander Consumer USA, Inc.,
Serve: CT Corporation System
4701 Cox Road, Suite 301
Glen Allen, Virginia 23060-6802
        Defendant

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MEMORANDUM IN OPPOSITION TO DEFENDANTS MOTION TO DISMISS

Comes now Plaintiff William A Blagogee and moves this honorable court for denial of Defendant's motion to dismiss on the following grounds:

### A. INTRODUCTION

On or around December 15, 2005, Plaintiff entered into an installment payment agreement with Passport Infiniti of Alexandria by signing a Retail Installment Sales Contract for the purchase of the subject vehicle. The installment loan was financed by HSBC Finance Corporation. The installment note called for sixty (60) equal installment payments of $352.69 per month plus applicable late fee of 5 percent of the part of the payment that is late.

Plaintiff has made all 60 equal monthly installments pursuant to the terms of the Retail Installment Sales Contract. Although the installment note has been paid in full, Defendant claims Plaintiff is in default of his payment obligation because the finance charge was figured on a daily basis at the Annual Percentage Rate (APR) on the unpaid part of the Amount Financed. Thus, in addition to the late fee charge of five percent (5%) of the monthly installment payment, Defendant,

1

...

claims it is entitled to additional interest payment on the note because Defendant alleges that the monthly payments on the note were paid late. Thus, Defendant claims that Plaintiff still owe an extra $1,022.00, in addition to the $5,158.99 paid to Defendant as finance charge. Plaintiff contends that such application of interest to the monthly installment payment was not accurately disclosed in the Retail Installment Sales Contract and thus in violation of the Truth In Lending disclosure provision promulgated under 15 U.S.C. §1638, and Regulation Z, 12 CFR §§ 226.1 et. seq., and in violation of 15 U.S.C. §§ 1692(e) and 1692(f) of the Fair Debt Collections Procedure Act (FDCPA) and Virginia Consumer Protection Laws. Defendant has refused to provide Plaintiff clear title of the subject vehicle until such time that the amount claimed is paid, which is preventing Plaintiff from selling the subject vehicle and procuring another vehicle by trading in the subject vehicle.

### B.   STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The Supreme Court held in *Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929, that the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id.*, at 555, 127 S.Ct. 1955 (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." 550 U.S., at 555, 127 S.Ct. 1955. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*, at 557, 127 S.Ct. 1955. See *Ashcroft v. Iqbal*, 129S. Ct. 1937, 1949 (2009), citing *Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.*, at 570, 127 S.Ct. 1955. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of `entitlement to relief.'" *Id.*, at 557, 127 S.Ct. 1955.

At issue therefore is whether Plaintiffs have stated facts that are plausible on its face or that allows this court to draw reasonable inferences that the defendant is liable for the conduct alleged and whether under local Rule 7(k) plaintiffs are entitled to offer Plaintiffs version of the facts by affidavit or sworn statements in response to Defendant's motion to dismiss.

### C. ARGUMENTS

#### I. Plaintiff States A Claim Under TILA Upon Which Relief May Be Granted.

In order to prevail on a claim for a violation of 15 U.S.C. § 1638 and Regulation Z, 12 C.F.R. §§ 226.18(d) of the Truth In Lending Act, the Plaintiff must demonstrate that the creditor failed to accurately state any one of the required disclosures such as amount financed, the total number of payments, the finance charges, the annual percentage rate, the identity of the creditor and an itemization of the amount financed. *See Jefferson v. Briner, Inc.*, 461 F. Supp. 2d 430, 437 (E.D.Va. 2006). A credit contract is consummated when the consumer sign a credit contract that binds the consumer to the credit terms. *See Compton v. Altavista Motors, Inc.*, 121 F. Supp.2d 932, 936 (W.D.Va. 2000). Regulation Z requires that these disclosures must properly "reflect the terms of the legal obligations of the parties" and where the creditor is

uncertain of the terms, the creditor is required to clearly state that the disclosure is an estimate and the estimate must be based on information reasonably available at the time. *Briner, Inc.*, citing, 12 C.F.R. § 226.17(c)(1)-(2).

Here the Plaintiff entered into an installment contract agreement with HSBC Auto Finance. Upon information and believe, the installment contract was assigned to Defendant for servicing and collection of the payments due on the installment contract. Thus Defendant acted as creditor that failed to make the requisite disclosure and accurately state the Annual Percentage Rate (APR), the finance charge, and the total payments. At the time the credit agreement was consummated, Defendant had knowledge of all the information necessary to make an accurate disclosure, as that information was provided to Defendant by Plaintiff and through other sources, including credit reports files, pay stubs and state issued driver's license etc., thus the disclosure made by Defendant is not based on an estimate and must be correctly stated within the tolerance level of Regulation Z 226.18(d)(2) and 22(a)(1) and (2).

Defendant incorrectly relies on the Official Commentary of the Federal Reserve Board's interpretation of the part 226.17(c)(2)(i). That part specifically deals with disclosures where the information necessary for accurate disclosure is unknown to the creditor. Under those circumstances the creditor in a simple interest transaction where the consumer does not make timely payments, may label the finance charge and total payments as estimates or may choose not to label the disclosures as estimates and base the disclosure on the assumption that the payments will be made on time. Here the information necessary for accurate disclosure was known to Defendant. Therefore Defendant cannot rely on Part 226.17(c)(2)(i) as the bases for its disclosures.

Plaintiff further contends the accuracy of the APR, the finance charge, and the total payments on the following grounds:

4

Pursuant to Part 226.17(a)(2), the term "finance charge" and "annual percentage rate" when required to be disclosed.... shall be more conspicuous than any other disclosure, except the credit's identity. Pursuant to Part 266.18(d)(2), the amount disclosed as finance charge shall be treated as accurate if, in a transaction involving an amount financed of...more than a $1,000, it is not more than $10 above or below the amount required to disclosed.

Plaintiff installment transaction was for more than $16,000 an amount more than the $1,000 required by the Part 226.18(d)(2). Plaintiff contends that the finance charge charged by Defendant is more than $10 above or below the amount required to be disclosed because the finance charge was computed incorrectly. Defendant claims that the APR is 11.39. The installment contract does not state the simple interest rate upon which the APR is based. Pursuant to Part 226.22, the APR must be determined using either the actuarial method, which is defined by Regulation Z and explained in appendix J to the regulation, or the U.S. Rule, which is permitted by Regulation Z and also briefly explained in appendix J to the regulation. Under either method, the APR is a function of the note or per diem rate, amount advanced, unit period and number of payments among other variables. Thus without knowledge of the note rate Plaintiff cannot figure the accuracy of the APR or determine the accuracy of the finance charge or the total payment amount.

Defendant further relies on the express provision of paragraph 1 c of the installment contract agreement, which states:

> **c. How Late payments or early payments change what you must pay.** We based the Finance charge, Total of Payments and Total Sales shown on the front on the assumption that you will make payments on the day it is due. Your Finance Charge, Total payment, and Total Sales Price will be more if you pay late and less if you pay early.

5

Defendant however, neglected to cite to the last paragraph, which required that Defendant to send a notice telling Plaintiff about these changes before the final scheduled payment is due. Here Plaintiff alleged that he was never provided with such a notice until he inquired about the seemingly large balance still remaining on the note. Even then it took Defendant over four months before it was provided to Plaintiff.

Finally, Plaintiff contends that a review of the contract revealed that the note interest payment was due on a monthly basis beginning on the January 29, 2006. Thus application of late interest charges and late fees should apply after the 29th of each month. Plaintiff contends that late interest charges and fees were inaccurately charged on several occasions prior to the 29th of each succeeding month. Additional, Defendant has charged several Plaintiff several inexplicable miscellaneous expenses in excess of $1000.00.

## II. Plaintiff States a Claim Under FDCPA Upon Which Relief May Be Granted.

The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. 15 U.S.C. § 1692a(6), *Scott v. Wells Fargo Home Mortgage, Inc.*, 326 F. Supp. 2d 709, 718 (E.D. Va.) aff'd, 67 Fed. App'x 238 (4th Cir. 2003).

Paragraph (F) of section 1692a(6) however, provides that the term does not include any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity (i) is incidental to a bona fide fiduciary obligation or a bona fide escrow arrangement; (ii) concerns a debt which was originated by such person; (iii) concerns a debt which was not in default at the time it was obtained by such person; or (iv) concerns a debt obtained by such person as a secured party in a commercial credit transaction involving the creditor. 15 U.S.C. § 1692a(6).

Section 1692e provides: "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Unlike § 1692f, this provision of the FDCPA does not contain an exception for collection of amounts expressly authorized by the agreement creating the debt. Thus, "[even if the collection of interest are authorized by contract . . . and even if the additional interest charges are reasonable], debt collectors must still clearly and fairly communicate information about the amount of the debt to debtors." *Fields v. Wilber Law Firm*, 383 F.3d 562, 565 (7th Cir.2004).

The Defendant concedes that Plaintiff's complaint alleges sufficient facts to survive a motion to dismiss, thus Plaintiff will not belabor this point. Defendant contends, however, that it is not a debt collector even though the debt concerns a debt that was not originated by Defendant and is not incidental to a bona fide fiduciary obligation or a bona fide escrow arrangement. Thus Defendant's claim that it is not a debt collector cannot be sustained.

### III. Plaintiff's Claim Under VCPA is Withdrawn.

Plaintiff's claim under the VCPA, Va. Code Ann. 59.1-200, is withdrawn because as a threshold matter, the VCPA exempts from coverage any aspect of consumer transaction governed by TILA. Va. Code § 59.1-199(c).

WHEREFORE, Plaintiff demands a declaratory judgment against the Defendant and requests that Defendant be enjoined from repossessing Plaintiff's vehicle until such time that these allegations are resolved and that Plaintiff be awarded statutory and equitable remedies as equity may provide.

Respectfully Submitted,

William Blagogee
571-278-5739

## VERIFICATION

I do solemnly declare and affirm under penalty of perjury that the contents of the foregoing complaint are true and correct to the best of my knowledge, information, and belief.

Date: 7/21/11

_____
William Blagogee.

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of July 2011, I served a copy of the foregoing Verified Complaint and Certificate of Service by first-class U.S. mail, postage prepaid, to the following parties:

Santander Consumer USA, Inc.
Serve: CT Corporation System
4701 Cox Road, Suite 301
Glen Allen, Virginia 23060-6802

Santander Consumer USA, Inc.
P.O. Box 961245
Fort Worth, Tx 76161-1245

**Santander Consumer USA, Inc.**
Serve: Correspondence Department
1010 West Mockingbird Lane.
Dallas Texas 75247

_____
William Blagogee