UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| WILLIAM A. BLAGOGEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 1:11cv680 |
| | ) | (Removed from Fairfax Circuit Court |
| SANTANDER CONSUMER USA, INC., | ) | Civil Case No. 2011-7568) |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## MOTION TO ENFORCE SETTLEMENT AGREEMENT

Defendant Santander Consumer USA, Inc. ("Santander"), by counsel, requests a hearing

to enforce the parties settlement agreement.  In support of this Motion, Santander states as

follows:

### INTRODUCTION

1.      On September 22, 2011, Plaintiff submitted a proposed settlement agreement for

Santander to review and accept.  On September 23, 2011, Santander informed Plaintiff that it

accepted the settlement agreement.  Plaintiff now refuses to sign the settlement agreement.

2.      Santander requests that this Court hold a hearing so that Santander may present

evidence and obtain an order enforcing the settlement agreement.

### FACTS

3.      Plaintiff mailed a copy of the Amended Complaint to Santander on August 22,

2011.

4.      On September 1, 2011, Santander filed a consent motion to extend the time for

Santander to file a response to the Amended Complaint until September 16, 2011, so that the

parties could determine if they could settle their claims without the need of further Court action. A signed agreed order was submitted to the Court on September 14, 2011.

5.      On September 15, 2011, believing that a settlement was imminent (and that the principal terms had already been agreed), Santander filed an additional consent motion to extend the time for Santander to file a response to the Amended Complaint until September 16, 2011. Plaintiff has failed to provide Santander with a signed copy of the agreed order for submission even though he had consented to the motion.

6.      The Court has not ruled on either of the consent motions for additional time.

7.      Santander has since been engaged in extensive settlement discussions with the Plaintiff to finalize the terms of the agreement.

8.      Upon information and belief, the Plaintiff is an attorney licensed to practice in Washington D.C.

9.      On September 22, 2011, Plaintiff submitted a proposed settlement agreement to Santander for review and acceptance. The settlement agreement stated that, in return for certain considerations, Plaintiff will dismiss its claims against Santander with prejudice. Plaintiff indicated his intent to send a signed copy of the proposed agreement.

10.      On September 23, 2011, Santander provided Plaintiff with notice that it had accepted the settlement agreement and asked Plaintiff to provide it with an executed copy, as Plaintiff had previously agreed to do.

11.      Plaintiff now refuses to sign the settlement agreement and dismiss its claims with prejudice, and instead seeks to renegotiate certain terms within the settlement agreement.

- 3 -

12.     Santander moves this Court to set this matter for a hearing so Santander may present evidence and obtain an order from the Court enforcing the settlement agreement and requiring Plaintiff to dismiss his claims with prejudice.

**ARGUMENT**

13.     A settlement agreement is enforceable like any other contract. *Bell-Atlantic-Washington DC v. Zaidi*, 10 F.Supp.2d 575, 576 (E.D. Va. 1997).  District courts have inherent authority, deriving from their equity power, to enforce settlement agreements. *Hensley v. Alcon Labs, Inc.*, 277 F.3d 535, 540 (4th Cir. 2002).  A court may enforce a settlement agreement within the context of the underlying litigation without the need for a new complaint. *Id.* When asked to enforce a settlement agreement, a district court should engage in two distinct inquiries. First, the court should ascertain whether the parties have in fact agreed to settle the action. Moore v. Beaufort County, N.C., 936 F.2d 159, 162 (4th Cir. 1991); *DeLoach v. Lorillard Tobacco Co.*, 391 F.3d 551, 556 (4th Cir. 2004) ("To determine whether settlement agreement has been "reached," court looks to objectively manifested intentions of parties").  Once the court determines that the parties have agreed to settle, the court must discern the terms of that settlement. *Id.*

14.     Here, Santander is prepared to introduce evidence that on September 23, 2011, Santander accepted the terms of a written settlement agreement that the Plaintiff had proposed.

15.     Plaintiff now refuses to sign the settlement agreement because he wants to impose one or more additional requirements.  However, Plaintiff's hindsight as to whether he should have bargained for a better deal is not a basis to avoid enforcing the agreement. *See Hensley*, 277 F.3d at 540.

16.     Accordingly, Santander requests that this matter is set for a hearing before a Magistrate Judge so that Santander may present evidence and obtain an order enforcing the settlement agreement and dismissing Plaintiff's claims with prejudice.

17.     Santander also requests that the Court stay the time for it to file a responsive pleading in this matter until five (5) days after the Court enters a ruling on this motion.

## CONCLUSION

WHEREFORE, Santander, requests that the Court set this Motion for a hearing, extend the deadline for Santander to file a response to the Amended Complaint through five (5) days after the Court rules on this Motion, and grant such other relief as this Court deems just and proper.

**Pursuant to the U.S. Dis. Ct. EDVA Local Rule 7(k), Santander issues this warning:**

(1)     The Plaintiff as a pro se party is entitled to file a response opposing the motion and any such response must be filed within twenty-one (21) days of the date on which the dispositive or partially dispositive motion is filed; and

(2)     The Court could dismiss the action on the basis of the moving party's papers if the pro se party does not file a response; and

(3)     The pro se party must identify all facts stated by the moving party with which the pro se party disagrees and must set forth the pro se party's version of the facts by offering affidavits (written statements signed before a notary public and under oath) or by filing sworn statements (bearing a certificate that it is signed under penalty of perjury); and

(4)     The pro se party is also entitled to file a legal brief in opposition to the one filed by the moving party.

SANTANDER CONSUMER USA, INC.
By Counsel

- 4 -

- 5 -

/s/ Mark E. Shaffer
Mark E. Shaffer (VSB No. 75407)
Reed Smith LLP
3110 Fairview Park Drive, Suite 1400
Falls Church, VA 22042
Telephone:  (703) 641-4253
Facsimile:  (703) 641-4340
mshaffer@reedsmith.com

Travis A. Sabalewski (VSB No. 47368)
Reed Smith LLP
Riverfront Plaza - West Tower
901 East Byrd Street, Suite 1700
Richmond, VA 23219
Telephone:  (804) 344-3400
Facsimile:  (804) 344-3410
tsabalewski@reedsmith.com

*Counsel for Defendant Santander Consumer USA, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of September, 2011, a true and correct copy of the foregoing was filed through CM/ECF, and served via first class mail, postage prepaid, on the following:

William A. Blagogee
7240 Lensfield Court
Alexandria, VA 22315
*Pro Se Plaintiff*

/s/ Mark E. Shaffer
Mark E. Shaffer (VSB No. 75407)
Reed Smith LLP
3110 Fairview Park Drive, Suite 1400
Falls Church, VA 22042
Telephone:  (703) 641-4253
Facsimile:  (703) 641-4340
mshaffer@reedsmith.com